IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIN R. PAYTON and | : | |
| DAVID C. PAYTON, | : | Civil Action No. 1:06-CV-00333 |
|     Plaintiffs, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| FEDERAL EXPRESS, | : | |
| CORPORATION, | : | |
|     Defendant. | : | |

### MEMORANDUM

Plaintiffs, David and Karin Payton, brought this action alleging that Defendant Federal Express Corporation ("FedEx") terminated David Payton in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"). Before this Court is FedEx's motion for summary judgment. Both parties have filed briefs and the motion is ripe for consideration. For the following reasons, Defendant's motion will be denied in part and granted in part.

I.   BACKGROUND

    A.   **Factual Background**[1]

David Payton ("Payton") served as a courier for FedEx from 1992 until his termination on December 29, 2000. During Payton's employment, FedEx's attendance policy required its employees attend work at least 96.92% of the eligible days within a twelve-month period. If an employee's "attendance ratio" fell below the 96.92%

---

[1] The following facts relevant to this action are taken from Defendant's statement of undisputed material facts, filed in connection with its motion for summary judgment. Local Rule 56.1 provides in part that the non-moving party's "papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts." Plaintiffs have not complied with Local Rule 56.1, and therefore "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted." Id.

threshold, the employee was subject to discipline. If an employee received three written disciplinary actions within twelve months, he was subject to termination.

Over the duration of his employment, Payton demonstrated a pattern of poor attendance. On July 10, 1995, FedEx issued a letter informing him that he had missed ten days in a twelve-month period resulting in a 96.03% attendance ratio, based on 242 days out of a possible 252. On February, 18, 1998, Payton received another reminder letter informing him that he had missed fifteen days in a twelve-month period resulting in a 94.23% attendance ratio.

On February 9, 2000, Payton received yet another reminder letter ("February 2000 letter") indicating that he had been absent nine days in the previous twelve months resulting in a 96.5% attendance ratio. Payton subsequently took thirty days of FMLA leave in March and May to care for his wife, who experienced complications related to pregnancy. On June 5, 2000, Payton received a fourth reminder letter ("June 2000 letter") indicating that he had been absent eight days in the past twelve months. Significantly for the purposes of the present action, the letter stated that:

> David, recently you have utilized the Family Leave policy for the birth of your son. Policy mandates that the days of Family Leave are also deducted from the base days that are used to calculate your attendance percentage. During this time you used 30 days. Therefore, your current attendance percentage with eight absences on a base of 230 days is 96.52%. This percentage is below satisfactory. David, this trend is unacceptable and must be corrected.

(Doc. No. 4-6.) Payton was also notified that the June 2000 letter was his second active disciplinary notification within a twelve-month period.

On December 29, 2000, Payton received his third disciplinary notification within twelve months for violating FedEx's Acceptable Conduct policy after Payton failed to

deliver eight packages two days before Christmas. Upon receiving his third disciplinary notification, Payton's employment was terminated.

Payton does not dispute his absenteeism or the basis of the December 29, 2000, disciplinary action. Nevertheless, Payton claims that his termination violated the FMLA because his second disciplinary notification, the June 2000 letter, improperly counted his FMLA leave against his attendance percentage.

### B.     Procedural Background

Plaintiffs initially filed this action under chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for Middle District of Pennsylvania on December 26, 2002. Plaintiffs filed an amended complaint on December 12, 2003, and filed a second amended complaint on February 17, 2004. FedEx filed an answer with affirmative defenses on May 20, 2004.

On May 24, 2005, FedEx filed a motion for summary judgment. On June 20, 2005, Plaintiffs filed an "Answer to Motion for Summary Judgment" with only the following statement:

> Plaintiffs oppose any motion for summary judgment. The Facts and the exhibits clearly speak for themselves. Plaintiff, David Payton, was clearly penalized for taking time off of work under the Family Medical Leave Act (FMLA). Plaintiff's attendance ration [sic] was calculated on an eleven month calendar year rather than a twelve month calender year. FMLA absences were counted against his attendance ratio. The mis-calculation of his attendance ratio caused him to be terminated. Therefore a violation of FMLA occurred.

(Doc. No. 10-21.)

The bankruptcy court dismissed the case, concluding that "abstention is appropriate because the subject matter is far removed from the core jurisdiction of this

Court." (Doc. No. 10-22, at 3.) Accordingly, the court entered an order on December 30, 2003, granting Plaintiffs leave to file a motion to withdraw the reference within 15 days of the date of the court's order. (Doc. No. 10-23.) On January 31, 2006, after the 15 days had elapsed, the bankruptcy court dismissed the case.

Plaintiffs subsequently filed a motion to reinstate the case on February 1, 2006, arguing that "Plaintiff Debtors' attorney never received a copy of said order. It is believed and averred that the order was not received due to a computer problem which could have been a spam filter." (Doc. No. 10-22.) The bankruptcy court granted the motion and allowed Plaintiffs ten days to file a motion complying with the December 30, 2005, order. Plaintiffs then filed a motion to withdraw the reference to this Court on February 13, 2006, which was granted on May 6, 2006. (Doc. No. 9.)

FedEx filed the instant motion for summary judgment on April 6, 2006. (Doc. No. 3.) On May 7, 2006, Plaintiffs filed an "Answer to Motion for Summary Judgment" identical to that filed on June 20, 2005.

This Court issued an order on May 9, 2006, directing Plaintiffs to file a brief in opposition to the motion for summary judgment in compliance with Local Rules 7.6 and 56.1 within 10 days. (Doc. No. 8.) Plaintiffs failed to comply with this order, and this Court issued another order on August 8, 2006, directing the Plaintiffs to show cause within 10 days why Defendant's motion for summary judgment should not be deemed unopposed. (Doc. No. 11.) Plaintiffs responded on August 18, 2006, with the following statement: "Plaintiff did file an answer to the motion for summery [sic] judgment but inadvertently did not file a brief. A brief will be filed next week." (Doc. No. 12.) Nearly a month later, Plaintiffs filed a brief in opposition on September 11, 2006. (Doc.

No. 13.)[2]  FedEx filed a reply brief on the same day.  (Doc. No. 14.)

## II.   STANDARD OF REVIEW

Summary judgment is proper where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record."  Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000).  However, the non-moving party may not simply sit back and rest on the allegations in his complaint; instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted).  Where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate.  Id. at 322.

## III.   DISCUSSION

### A.   The action is not barred by the two-year statute of limitations.

FedEx argues that Payton's claims are barred by the two-year statute of limitations applicable under the FMLA.  Under the FMLA, an aggrieved employee must file a complaint within two years of the "date of the last event constituting the alleged

---

[2] Plaintiff's counsel is admonished to adhere to the Local Rules and the orders of this Court, or the Court may impose sanctions as may be appropriate.  See Local Rule 83.3.

violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Because Plaintiffs filed their complaint on December 27, 2002, the cause of action must have accrued no earlier than December 27, 2000.

Whether a claim is timely therefore turns on what constituted the "last event" constituting an alleged FMLA violation. FedEx argues that the date should be measured from the Performance Reminder letter dated June 5, 2000, which it claims is the date upon which Payton had notice that his FMLA rights were violated. Payton contends that the date should be measured from the December 29, 2000, termination letter, which is the date that FedEx's alleged violation of Payton's FMLA rights actually caused him harm.

This Court is unaware of any decision within this circuit that squarely addresses this issue. Nonetheless, this Court concludes that Payton's termination was the "last event" because "it was the first action serious enough to warrant plaintiff's resort to the legal system." Butler v. Owens-Brockway Plastics Products, Inc., 199 F.3d 314, 317 (6th Cir. 1999); cf. Shalley v. Fleet Credit Card Servs., LP, 2003 WL 22100858, at *2-3 (E.D. Pa. Aug. 1, 2003) (concluding that plaintiff's statute of limitations did not begin to run upon his return to work, but rather began upon his final transfer and/or termination). This Court finds the Sixth Circuit's reasoning in Butler persuasive in that "[t]o hold otherwise would force plaintiffs to bring suit each time they are assessed a negative mark on their absentee record, but before this mark results in probation, termination, failure to reinstate, or other adverse action." 199 F.3d at 317; see also Caucci v. Prison Health Services, Inc., 153 F. Supp. 2d 605, 609 (E.D. Pa. 2001).

The last event constituting the alleged FMLA violation was therefore the December 29, 2000, termination of Payton. The Plaintiffs' complaint was filed two days

before the two-year limitations period elapsed and is timely.

### B. FedEx's calculation of Payton's attendance ratio violates the FMLA.

Under the FMLA, eligible employees are guaranteed up to twelve workweeks of Family and Medical Leave in a twelve-month period.  Callison v. City of Philadelphia, 430 F.3d 117, 119-20 (3d Cir. 2005); see 29 U.S.C. § 2612.  The FMLA also requires employers to restore an employee to his original or "equivalent" position upon his return from leave.  29 U.S.C. § 2614.  Pursuant to this "right of restoration," employers are prohibited from "us[ing] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions."  29 C.F.R. § 825.220(c).  Additionally, the Department of Labor has promulgated regulations specifically prohibiting employers from counting FMLA leave against "no fault" attendance policies.  Id.  The FMLA does not entitle an employee to be restored to a better position, but it does require that the employee be restored to a position  "virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status."  29 C.F.R. § 825.215(a).

 FedEx argues forcefully that by deducting the number of days that Payton was eligible to work, it left Payton in a neutral position, and that any other method would contravene the FMLA:

> Only those absences which are unexcused and unprotected are calculated into determining an employee's attendance ratio.  Plaintiff would like to have FedEx include the days on which he was on FMLA leave as both days worked and days he was eligible to work in his attendance ratio . . . That would render FMLA leave as a positive factor. By neither counting FMLA leave time for or against the employee in calculation of the attendance ratio, FedEx follows 29 C.F.R. § 825.220(c), which dictates that FMLA leave be neutral to the employee's work situation.

(Doc. No. 5, at 8) (emphasis in original).  In other words, FedEx believes that Payton cannot claim the benefit of perfect attendance during his FMLA leave.

In support of its position, FedEx cites to an unpublished decision from the United States District Court for the Western District of Michigan upholding its attendance policy.  Keasey v. Federal Express Corp., No. 03-228, slip. op at 5 (W.D. Mich. Dec. 9, 2003).  In Keasey, the court held that the FedEx attendance policy did not violate the FMLA.  The court found that FedEx "adhered to the requirement that FMLA leave not be counted under 'no-fault' attendance policies," because to count the days otherwise "would have operated to bestow an employment benefit on the Plaintiff," and created a "windfall of a perfect attendance record during his FMLA leave period."  Id.

In reaching this conclusion, the Keasey court relied upon an unpublished opinion from the Fourth Circuit, Sawyer v. Ball Corp., 1998 U.S. App. LEXIS 11732, at *9 (4th Cir. June 4, 1998), which upheld a employer's policy to "freeze" an employee's probationary status while the employee was on FMLA leave.  The Keasey court argued by analogy that FedEx's policy operates to avoid a windfall to the employee.

This Court respectfully declines to follow the Keasey court's reasoning.  Although Payton was not entitled to return to FedEx in a better position than he was in before he went on FMLA leave, FedEx had an obligation to restore him to the same position he was in before taking leave.  FedEx did not do so because in calculating the attendance ratio, FedEx subtracted thirty (30) days from the denominator (from 260 to 230 days) without adjusting the numerator accordingly.  This adjustment reduced the number of "no-fault" attendance days available to Payton.  By doing so, FedEx counted the FMLA leave absences against the "no-fault" attendance policy in violation of 29

C.F.R. § 825.220(c).  <u>Sawyer</u> is therefore distinguishable because the employee's probationary status was suspended during his FMLA leave, whereas Payton's FMLA leave was deducted against his attendance.

Analogously, if Payton was allowed to be absent up to eight days without fault, FedEx could not reduce the number of days to seven once Payton took FMLA leave.  Yet reducing the denominator of the attendance ratio by even one day as a result of "non-eligible" FMLA leave would lower the number of days allowed under the no-fault attendance policy from eight to seven.[3]  This result would not satisfy the FMLA requirement that employees who take advantage of FMLA do so without detriment.

The conclusion that FedEx's calculation of the attendance ratio violates the FMLA is consistent with Department of Labor regulations.  There, "equivalent pay" with regard to "absence of occurrence" bonuses is defined as follows:

> Many employers pay bonuses in different forms to employees for job-related performance such as for perfect attendance, safety (absence of injuries or accidents on the job) and exceeding production goals.  Bonuses for perfect attendance and safety do not require performance by the employee but rather contemplate the absence of occurrences.  <u>To the extent an employee who takes FMLA leave had met all the requirements for either or both of these bonuses before FMLA leave began, the employee is entitled to continue this entitlement upon return from FMLA leave</u>, that is, the employee may not be disqualified for the bonus(es) for the taking of FMLA leave.

---

[3] Two-hundred and fifty-two days out of two-hundred and sixty gives an attendance ratio of 96.92%.  Two-hundred and fifty-one days out of two-hundred and fifty-nine gives an attendance ratio of 96.91%.  Under the FedEx calculation, therefore, deducting a day of FMLA leave from the number of base days <u>de facto</u> reduces the number of absences allowable under its attendance policy.

29 C.F.R. § 825.215(c)(2) (emphasis added).  In other words, if an employee had perfect attendance before FMLA leave, in many instances an employee in fact gains "the windfall of perfect attendance during his FMLA leave period."  Keasey, slip. op. at 5.

This Court appreciates that FedEx's method of calculating the attendance ratio to accommodate FMLA leave may be designed to promote efficiency rather than to punish the use of FMLA leave.  Nevertheless, it is clear that Congress intended to return employees to an "equivalent" position upon their return from leave.  Because FedEx's calculation of the attendance ratio does not leave Payton in the same position as he would be in if he had not taken FMLA leave, the calculation violates the FMLA.

### C. Karin Payton has no valid claims against FedEx.

FedEx also seeks to dismiss Karin Payton as a plaintiff because she has pleaded no valid claims.  The Plaintiffs' only argument in response is that:

> Karin Payton was a foreseeable bystander of defendants willful, wanton and tortuous [sic] conduct.  Karin suffered damages as a direct result of Defendant's conduct, and she ought to be able to bring this claim as well.

(Doc. No. 13, at 6.)  Plaintiffs have not pleaded a negligent infliction of emotional distress claim and, to this Court's knowledge, no court in the United States has ever recognized a "foreseeable bystander" theory under the FMLA.  Karin Payton is not, and has never been, employed by FedEx.  Therefore, she cannot state a claim under the FMLA against FedEx.  The Court will dismiss her as a plaintiff in this case.

**IV.   CONCLUSION**

For the foregoing reasons, the Defendant's motion for summary judgment will be granted with respect to Karin Payton's claims and denied with respect to David Payton's claims.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARIN R. PAYTON and** : | |
| **DAVID C. PAYTON,** : | Civil Action No. 1:06-CV-00333 |
|     **Plaintiffs,** : | |
| : | **(Chief Judge Kane)** |
| **v.** : | |
| : | |
| **FEDERAL EXPRESS,** : | |
| **CORPORATION,** : | |
|     **Defendant.** : | |

**ORDER**

**AND NOW**, this 22nd day of September 2006, upon due consideration, and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion for summary judgment (Doc. No. 3) is **GRANTED** as against Karin Payton, but **DENIED** as against David Payton. **IT IS FURTHER ORDERED** that judgment will be deferred until conclusion of this case.

                                                                                                  s/ Yvette Kane
                                                                                          Yvette Kane, Chief Judge
                                                                                          United States District Court
                                                                                         Middle District of Pennsylvania